**EXHIBIT A**

Case: 1:18-cv-02315 Document #: 1-1 Filed: 03/30/18 Page 2 of 12 PageID #:10

FILED
2/15/2018 2:38 PM
2018-L-001676
CALENDAR: E
PAGE 1 of 11
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| SEAN JORDAN, ) | |
| Plaintiff, ) | |
| v. ) | No. |
| GENERAL NUTRITION CORPORATION; ) GNC HOLDINGS, INC., and GN OLDCO ) CORPORATION, ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SEAN JORDAN, by and through his attorneys, THE LAW OFFICES OF SCOTT A. KOGEN & ASSOCIATES, P.C., and complains of the Defendants, GENERAL NUTRITION CORPORATION, GNC HOLDINGS, INC., and GN OLDCO CORPORATION, as follows:

### THE PARTIES

1. Plaintiff, Sean Jordan, is a resident and citizen of the State of Illinois.

2. Defendant General Nutrition Corporation ("GNC") is a subsidiary corporation of GNC Holdings, Inc., with its headquarters in Pittsburgh, Pennsylvania, and does substantial business selling health, wellness and performance products, which include protein, performance supplements, weight management supplements, vitamins, herbs and greens, wellness supplements, health and beauty, food and drink, and other general merchandise, in Cook County, Illinois.

3. Defendant GNC Holdings, Inc. ("GNC Holdings") is a Pennsylvania corporation, and does substantial business selling health, wellness and performance products, which include protein, performance supplements, weight management supplements, vitamins, herbs and greens, wellness supplements, health and beauty, food and drink, and other general merchandise, through its subsidiary,

1

General Nutrition Corporation in Cook County, Illinois.

4. Defendant GN Oldco Corporation ("Oldco") is a Pennsylvania corporation which became a qualifying foreign corporation in Illinois in 1971, and does substantial business selling health, wellness and performance products, which include protein, performance supplements, weight management supplements, vitamins, herbs and greens, wellness supplements, health and beauty, food and drink, and other general merchandise, in Cook County, Illinois.

## FACTUAL ALLEGATIONS

5. At all times material hereto, GNC, GNC Holdings and Oldco designed, manufactured, marketed, labeled, packaged and sold dietary supplement drug products, including the GNC LIVE LEAN & Fit Pack Dietary Supplement (hereinafter the "Product").

6. On or about February of 2016, Plaintiff purchased the Product.

7. On or about February 25, 2016, while at this home, Plaintiff took his first pack of the Product, pursuant the instructions included on the box, which stated, "[a]s a dietary supplement, take the contents of one pack daily."

8. On or about February 25, 2016, within about an hour of taking the first pack of the Product, Plaintiff began sweating, feeling lightheaded, and exhibited numbness in his fingers and hands.

9. On or about February 25, 2016, within about an hour of taking the first pack of the Product, Plaintiff's perception and equilibrium were negatively impacted.

10. As a result of conditions referenced in Paragraphs 7 and 8 above, on February 25, 2016, Plaintiff was witnessed by an individual, who was working in Plaintiff's home at the time, walking into a door and a wall.

11. Plaintiff suffered a laceration on his right eyebrow as a result of his walking into a door.

12. The individual working in Plaintiff's home at the time, on February 25, 2016, called

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 2 of 11

emergency services and an ambulance was dispatched to Plaintiff's home. Plaintiff was taken to Lake Forest Hospital ("LFH") in Lake Forest, Illinois.

13. Upon arrival to the emergency room at LFH, Plaintiff was treated for delirium, a headache, and tingling and weakness in his left side.

14. During his visit in the emergency room at LFH, Plaintiff had a seizure, which required intubation for airway protection.

15. On February 25, 2016, Plaintiff was transferred to Northwestern Memorial Hospital ("Northwestern") in Chicago, Illinois for further treatment and observations.

## COUNT I

### Negligence – GNC

16. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

17. This Defendant had a duty to individuals, including Sean Jordan, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Product.

18. This Defendant was negligent in failing to use reasonable care as described herein in designing, manufacturing, marketing, labeling, packaging and selling the Product. This Defendant breached its aforementioned duty by, among other things:

    a. Failing to design the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

    b. Failing to manufacture the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

    c. Failing to use reasonable care in the testing of the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

    d. Failing to use reasonable care in inspecting the Product so as to avoid an

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 3 of 11

unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

e. Failing to use reasonable care in studying and/or testing the Product to evaluate their safety and to determine the nature, magnitude, and frequency of serious, life threatening complications that were known or knowable; and

f. Otherwise negligently or carelessly designing, manufacturing, marketing, labeling, packaging and/or selling the Product.

19. This Defendant failed to warn, or adequately or sufficiently warn, either directly or indirectly, the foreseeable users, including Plaintiff, of the potential health hazards associated with the use of the Product.

20. This Defendant systematically failed to represent accurately to the Plaintiff, either directly or indirectly, that the Product can pose a health hazard and injure or cause death to persons by its adverse side-effects or that the Product was defective.

21. This Defendant failed to represent accurately to Plaintiff, either directly or indirectly, that the Product, used for its ordinary and intended purpose, can pose a health hazard and/or injure users, whereby Plaintiff was induced to purchase the Product.

22. This Defendant, at all times, failed, and continues to fail, to perform their duties to warn and recall.

23. Upon information and belief, this Defendant's actions, as alleged, constitute violations of statutory and regulatory provisions.

24. As a direct and proximate result of one or more of the aforesaid negligent and careless omissions of this Defendant, Plaintiff then and there sustained severe and permanent bodily injury and was, and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will continue to lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services, and will, in the

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 4 of 11

future, expend money for medical care and services endeavoring to become healed and cured of said injuries.

## COUNT II

### Strict Product Liability – GNC

25. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

26. This Defendant, which is engaged in the business of designing, manufacturing, marketing, labeling, packaging and selling dietary supplement drug products, designed, manufactured, marketed, labeled, packaged and sold the aforementioned Product, and placed the Product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the formulation of the Product.

27. Plaintiff is in the class of persons that this Defendant should reasonably foresee as being subject to the harm caused by defectively manufactured product insofar as Plaintiff was the type of person for whom the Product was intended to be used.

28. The Product, as used by Plaintiff, was defective and unreasonably dangerous, and unfit for intended use because of the deleterious and highly harmful effects that affected Plaintiff.

29. As a direct and proximate cause of Plaintiff using Defendant's defective and unreasonably dangerous product, Plaintiff has suffered damage.

WHEREFORE, Plaintiff, SEAN JORDAN, seeks judgment against Defendant, GENERAL NUTRITION CORPORATION, as follows: in an amount exceeding $50,000.00, exclusive costs and expenses, an award of Plaintiff's reasonable attorneys fees, expenses to the full extent by law, and punitive damages to the full extent by law.

## COUNT III

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 5 of 11

## Negligence – GNC Holdings

30. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

31. This Defendant had a duty to individuals, including Sean Jordan, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Product.

32. This Defendant was negligent in failing to use reasonable care as described herein in designing, manufacturing, marketing, labeling, packaging and selling the Product. This Defendant breached its aforementioned duty by, among other things:

   a. Failing to design the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

   b. Failing to manufacture the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

   c. Failing to use reasonable care in the testing of the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

   d. Failing to use reasonable care in inspecting the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

   e. Failing to use reasonable care in studying and/or testing the Product to evaluate their safety and to determine the nature, magnitude, and frequency of serious, life threatening complications that were known or knowable; and

   f. Otherwise negligently or carelessly designing, manufacturing, marketing, labeling, packaging and/or selling the Product.

33. This Defendant failed to warn, or adequately or sufficiently warn, either directly or indirectly, the foreseeable users, including Plaintiff, of the potential health hazards associated with the use of the Product.

34. This Defendant systematically failed to represent accurately to the Plaintiff, either

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 6 of 11

directly or indirectly, that the Product can pose a health hazard and injure or cause death to persons by its adverse side-effects or that the Product was defective.

35. This Defendant failed to represent accurately to Plaintiff, either directly or indirectly, that the Product, used for its ordinary and intended purpose, can pose a health hazard and/or injure users, whereby Plaintiff was induced to purchase the Product.

36. This Defendant, at all times, failed, and continues to fail, to perform their duties to warn and recall.

37. Upon information and belief, this Defendant's actions, as alleged, constitute violations of statutory and regulatory provisions.

38. As a direct and proximate result of one or more of the aforesaid negligent and careless omissions of this Defendant, Plaintiff then and there sustained severe and permanent bodily injury and was, and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will continue to lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services, and will, in the future, expend money for medical care and services endeavoring to become healed and cured of said injuries.

## COUNT IV

### Strict Product Liability – GNC Holdings

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

40. This Defendant, which is engaged in the business of designing, manufacturing, marketing, labeling, packaging and selling dietary supplement drug products, designed, manufactured, marketed, labeled, packaged and sold the aforementioned Product, and placed the Product into the

7

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 7 of 11

stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the formulation of the Product.

41. Plaintiff is in the class of persons that this Defendant should reasonably foresee as being subject to the harm caused by defectively manufactured product insofar as Plaintiff was the type of person for whom the Product was intended to be used.

42. The Product, as used by Plaintiff, was defective and unreasonably dangerous, and unfit for intended use because of the deleterious and highly harmful effects that affected Plaintiff.

43. As a direct and proximate cause of Plaintiff using Defendant's defective and unreasonably dangerous product, Plaintiff has suffered damage.

WHEREFORE, Plaintiff, SEAN JORDAN, seeks judgment against Defendant, GNC HOLDINGS, INC., as follows: in an amount exceeding $50,000.00, exclusive costs and expenses, an award of Plaintiff's reasonable attorneys fees, expenses to the full extent by law, and punitive damages to the full extent by law.

## COUNT III

### Negligence – GN Oldco Corporation

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

45. This Defendant had a duty to individuals, including Sean Jordan, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Product.

46. This Defendant was negligent in failing to use reasonable care as described herein in designing, manufacturing, marketing, labeling, packaging and selling the Product. This Defendant breached its aforementioned duty by, among other things:

    a.    Failing to design the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 8 of 11

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 9 of 11

b. Failing to manufacture the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

c. Failing to use reasonable care in the testing of the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

d. Failing to use reasonable care in inspecting the Product so as to avoid an unreasonable risk of harm to persons who used the Product as directed on the packaging, including the Plaintiff named in this Complaint;

e. Failing to use reasonable care in studying and/or testing the Product to evaluate their safety and to determine the nature, magnitude, and frequency of serious, life threatening complications that were known or knowable; and

f. Otherwise negligently or carelessly designing, manufacturing, marketing, labeling, packaging and/or selling the Product.

47. This Defendant failed to warn, or adequately or sufficiently warn, either directly or indirectly, the foreseeable users, including Plaintiff, of the potential health hazards associated with the use of the Product.

48. This Defendant systematically failed to represent accurately to the Plaintiff, either directly or indirectly, that the Product can pose a health hazard and injure or cause death to persons by its adverse side-effects or that the Product was defective.

49. This Defendant failed to represent accurately to Plaintiff, either directly or indirectly, that the Product, used for its ordinary and intended purpose, can pose a health hazard and/or injure users, whereby Plaintiff was induced to purchase the Product.

50. This Defendant, at all times, failed, and continues to fail, to perform their duties to warn and recall.

51. Upon information and belief, this Defendant's actions, as alleged, constitute violations of statutory and regulatory provisions.

52. As a direct and proximate result of one or more of the aforesaid negligent and careless

omissions of this Defendant, Plaintiff then and there sustained severe and permanent bodily injury and was, and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will continue to lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for large sums of money for medical care and services, and will, in the future, expend money for medical care and services endeavoring to become healed and cured of said injuries.

## COUNT IV

### Strict Product Liability – GN Oldco Corporation

53. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

54. This Defendant, which is engaged in the business of designing, manufacturing, marketing, labeling, packaging and selling dietary supplement drug products, designed, manufactured, marketed, labeled, packaged and sold the aforementioned Product, and placed the Product into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the formulation of the Product.

55. Plaintiff is in the class of persons that this Defendant should reasonably foresee as being subject to the harm caused by defectively manufactured product insofar as Plaintiff was the type of person for whom the Product was intended to be used.

56. The Product, as used by Plaintiff, was defective and unreasonably dangerous, and unfit for intended use because of the deleterious and highly harmful effects that affected Plaintiff.

57. As a direct and proximate cause of Plaintiff using Defendant's defective and unreasonably dangerous product, Plaintiff has suffered damage.

WHEREFORE, Plaintiff, SEAN JORDAN, seeks judgment against Defendant, GN OLDCO

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 10 of 11

CORPORATION, as follows: in an amount exceeding $50,000.00, exclusive costs and expenses, an award of Plaintiff's reasonable attorneys fees, expenses to the full extent by law, and punitive damages to the full extent by law.

Respectfully submitted,

/s/Scott A. Kogen

Counsel for Plaintiff

The Law Offices of Scott A. Kogen & Associates, P.C.
Counsel for Plaintiff
100 N. LaSalle Street, Suite 2400
Chicago, Illinois 60602
T: (312) 782-7341
Attorney Code # 32193

ELECTRONICALLY FILED
2/15/2018 2:38 PM
2018-L-001676
PAGE 11 of 11