# IN THE UNITED STATES DISTIUCT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SEAN JORDAN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 1:18-cv-02315<br>) |
| GENERAL NUTRITION CORPORATION,<br>GNC HOLDINGS, INC., and GN OLDCO<br>CORPORATION, | )<br>) Honorable Sharon Johnson-Coleman<br>)<br>) |
| Defendants. | )<br>) |

## DEFENDANT GENERAL NUTRITION CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant GENERAL NUTRITION CORPORATION ("GNC") by and through its attorneys as and for its Answer to Plaintiff's Complaint ("Complaint") states as follows:

## PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Admits in response to paragraph 2 of the Complaint only that General Nutrition Corporation ("GNC") is a Pennsylvania corporation with its principal place of business in Pennsylvania.

3. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

4. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

## FACTUAL ALLEGATIONS

5. Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that GNC, at times, formulated, labeled, marketed and sold certain dietary

1

supplements in the United States under the "GNC" brand name.  GNC, at times, sold certain dietary supplements in the United States through a network of independent distributors.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 15 of the Complaint.

## COUNT I- NEGLIGENCE - GNC

16. In response to paragraph 16 of the Complaint, GNC repeats, reiterates, and realleges its responses to each and every allegation contained in the Complaint with the same force and effect as though hereinafter fully set forth at length.

17. Denies each and every allegation as plead contained in paragraph 17 of the Complaint, and respectfully refers all questions of law to the Court.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Denies each and every allegation contained in paragraph 20 of the Complaint.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation as plead contained in paragraph 23 of the Complaint, and respectfully refers all questions of law to the Court.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, except denies each and every such allegation insofar as it is alleged or implied that any injuries or damages suffered by Plaintiff resulted from culpable conduct of General Nutrition Corporation.

## COUNT II– STRICT LIABILITY - GNC

25. In response to paragraph 25 of the Complaint, GNC repeats, reiterates, and realleges its responses to each and every allegation contained in the Complaint with the same force and effect as though hereinafter fully set forth at length.

26. GNC admits in part and denies in part the allegations in paragraph 26 of the Complaint. It admits that it is a retailer of health, wellness and performance products in the United States, which includes various products as set forth in paragraph 2 of the Complaint. The

remaining allegations constitute conclusions of law to which no response is required. To the extent a response is required, the allegations in this paragraph are denied.

27. The allegations in paragraph 27 of the Complaint constitute legal conclusions to which no responsvie pleading is required. The remaining allegations in this paragraph are denied.

28. Denies knowledge or information to form a belief as to whether Plaintiff purchased or used a GNC product, and if so, for what reason, and denies the remaining allegations of paragraph 28 of the Complaint.

29. Denies knowledge or information to form a belief as to whether Plaintiff purchased or used a GNC product, and if so, for what reason, and denies the remaining allegations of paragraph 29 of the Complaint.

## COUNT III– NEGLIGENCE – GNC HOLDINGS

30. In response to paragraph 30 of the Complaint, GNC repeats, reiterates, and realleges its responses to each and every allegation contained in the Complaint with the same force and effect as though hereinafter fully set forth at length.

31. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

32. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

33. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

34. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

35. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

36. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

37. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

38. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

**COUNT IV– STRICT PRODUCT LIABILITY – GNC HOLDINGS**

39. In response to paragraph 39 of the Complaint, GNC repeats, reiterates, and realleges its responses to each and every allegation contained in the Complaint with the same force and effect as though hereinafter fully set forth at length.

40. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

41. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

42. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

43. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

**COUNT III (sic) – NEGLIGENCE – GNC OLDCO CORPORATION**

44. In response to paragraph 44 of the Complaint, GNC repeats, reiterates, and realleges its responses to each and every allegation contained in the Complaint with the same force and effect as though hereinafter fully set forth at length.

45. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

46. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

47. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

48. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

49. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

50. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

51. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

52. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

**COUNT IV (sic) – STRICT PRODUCT LIABILITY – GNC OLDCO CORPORATION**

53. In response to paragraph 44 of the Complaint, GNC repeats, reiterates, and realleges its responses to each and every allegation contained in the Complaint with the same force and effect as though hereinafter fully set forth at length.

54. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

55. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

56. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

57. By agreement between the parties, Plaintiff intends to voluntarily dismiss without prejudice Defendants GNC HOLDINGS, INC. and Defendant GN OLDCO CORPORATION.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has been unable to identify GNC as causing the alleged injuries, and therefore has failed to state a cause of action against GNC.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver and/or estoppel and the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff had full knowledge of the risks and possible adverse effects pertaining to the use/misuse of the product(s) at issue here, and all or part of the alleged injuries, damages, and/or losses (if any) sustained by Plaintiff arose from and were caused by risks of which Plaintiff was or should have been so aware, and for that reason any recovery against GNC should be diminished, reduced, offset, or barred in accordance with the principles of assumption of risk/informed consent and/or failure to follow product labeling information.

**FIFTH AFFIRMATIVE DEFENSE**

Upon information and belief, any injuries, damages and/or losses allegedly sustained by Plaintiff were caused in whole or in part by preexisting medical conditions, for which GNC International bears no legal responsibility or liability.

**SIXTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom GNC neither exercised nor had any right of control, for which GNC is and was not responsible, and whose conduct GNC had no duty or reason to anticipate or control.

**SEVENTH AFFIRMATIVE DEFENSE**

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same resulted in whole or in part from an intervening or superseding cause and/or causes, and any action on the part of GNC was not the proximate and/or cause-in-fact of any alleged injuries.

**EIGHTH AFFIRMATIVE DEFENSE**

GNC denies that any action or inaction on its part proximately caused or contributed to the incident or injuries to Plaintiff of which Plaintiff complains in any manner or to any degree.

**NINTH AFFIRMATIVE DEFENSE**

All claims raised by the Complaint are barred and/or reduced by the doctrine of contributory negligence and the doctrine of comparative negligence.

**TENTH AFFIRMATIVE DEFENSE**

Upon information and belief, any injury, loss or damage that Plaintiff may have sustained was caused in whole or in part by Plaintiff's own negligence, including but not limited to the issue that Plaintiff may have contributed to her injuries by the lack of appropriate and timely

medical care, or the use of other substances, products, medications, and drugs, or that Plaintiff failed to heed the instructions and/or warnings on the United States product labeling provided by GNC.

## ELEVENTH AFFIRMATIVE DEFENSE

GNC reserves the right to assert that Plaintiff improperly used, misused, abused or used any product for a purpose other than intended or recommended, should discovery reveal facts supportive of said defense.

## TWELFTH AFFIRMATIVE DEFENSE

Upon information and belief, if Plaintiff has any of the claimed injuries referred to in the Complaint, such injuries were the result of an operation of nature and/or idiosyncratic reaction by the Plaintiff.

## THIRTEENTHAFFIRMATIVE DEFENSE

If any warranty, guaranty or other representation with respect to the products involved in this case was made by GNC, then each such warranty, guaranty or representation was fully satisfied by GNC.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of warranty claims are barred by Plaintiff's failure to provide timely notice of any alleged breach of warranty.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims sound in negligent misrepresentation by any person or entity other than GNC, such claims should not be directed to GNC.

## SIXTEENTH AFFIRMATIVE DEFENSE

GNC claims that the doctrine of federal pre-emption may apply, as the federal government has preempted the applicable fields of law, and GNC's products were and are

controlled by federal law, and were at all times in compliance with applicable federal law with respect thereto; therefore, the Complaint fails to state a claim upon which relief may be granted in that, inter alia, such causes of action, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of dietary supplements and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The promotion of the products identified in the Complaint is protected by the First Amendment to the United States Constitution and similar provisions in the Constitution(s) of the state(s) in which the Plaintiff resides or resided or where the alleged injuries occurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against GNC upon which relief may be granted for punitive or exemplary damages.

### NINETEENTH AFFIRMATIVE DEFENSE

The imposition of punitive or exemplary damages against GNC would violate GNC's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and similar provisions in the Constitution(s) in the state(s) in which the Plaintiff resides or resided or the alleged injuries occurred.

### TWENTIETH AFFIRMATIVE DEFENSE

The application of any Rule of Court providing for the award of prejudgment interest against GNC on any recovery made by Plaintiff is contrary to law and violates GNC's right to due process and equal protection of the law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

GNC complied with the Dietary Supplement Health and Education Act of 1994 (DSHEA) and all other applicable Federal or State laws.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

GNC denies the applicability of the concept of strict liability to this litigation and reserves the right to assert any and all defenses available under the Restatement (2nd) of Torts and/or the Restatement (3rd) of Torts Product Liability.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The incident and damages, if any, of which Plaintiff complains were proximately caused by the fault of third persons not parties to this suit. Inasmuch as the liability of GNC and the right of Plaintiff to recover in this litigation can only be determined after the percentages of fault of any parties of the incident are determined, whether or not they are parties to this litigation, GNC seeks an adjudication of the percentage of fault of each and every person whose fault contributed to this alleged incident.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged injuries and damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

GNC hereby gives notice that it may rely upon such other affirmative defenses as may become available or apparent during the course of discovery, including any applicable affirmative defenses proffered by GNC, and thus, it reserves the right to amend this Answer to assert such defenses.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff may make a claim in the Complaint based on allegations of concealment, misrepresentation or fraud on the part of GNC, the Complaint fails to state with particularity the circumstances constituting the alleged concealment, misrepresentation or fraud.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

GNC is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of the State of Illinois and any other state(s) in which the Plaintiff resides or resided in or where the alleged injuries occurred.

## DEMAND FOR TRIAL BY JURY

GNC hereby demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

WHEREFORE, GNC demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Dated: April 20, 2018

By: /s Tia C. Ghattas

Tia C. Ghattas
**Cozen O'Connor**
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: 312-382-3116
Fax: 312-382-8910
tghattas@cozen.com

*Attorneys for GENERAL NUTRITION CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to all counsel of record who have registered with the electronic filing service for this matter on April 20, 2018. Parties may access this document via the Court's electronic filing system.


Dated: April 20, 2018

                                              By:    s/ Tia C. Ghattas
                                                          Tia C. Ghattas